IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher T. Wilder, ) | C/A No. 0:18-1317-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SCHEDULING ORDER** |
| ) | **REGARDING** |
| Ridgeland Correctional Institution Medical ) | **AMENDMENT OF COMPLAINT** |
| Department, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Christopher T. Wilder, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds the Complaint is subject to summary dismissal. However, because Plaintiff may be able to cure the deficiencies identified herein by filing an amended complaint, the court hereby grants him **twenty-one days** should he elect to amend his pleading rather than stand on the Complaint as currently pled.

I. **Factual and Procedural Background**

Plaintiff, an inmate at Ridgeland Correctional Institution of the South Carolina Department of Corrections, indicates that when he arrived there in April 2018, he had blood in his urine and pain when he urinated. (Compl., ECF No. 1 at 5-6.) Plaintiff alleges that he told prison staff about this condition and was seen by the medical staff, but also that he has not been provided any treatment.

(Id.) He claims his condition is worse now than when he arrived. (Id.) Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.  Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, the only defendant named in the Complaint is "Ridgeland Correctional Institution Medical Department," which is not a "person" amenable to suit pursuant to § 1983 because it is not an individual or a corporate or political entity.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."). Because a § 1983 action cannot be brought against the only named defendant, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one days** to attempt to correct the defects in his complaint identified above by filing an amended complaint should he so elect, along with any appropriate service documents.  Plaintiff is reminded that an amended complaint replaces the original complaint

PJG

and should be complete in itself.  See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").  Any amended complaint is subject to screening pursuant to 28 U.S.C. § 1915 and § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above within the allotted time, the court will recommend that the claims be dismissed without leave for further amendment, except for good cause shown.  See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2018
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *__ALL__* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).